UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY as successor to HOLYOKE MUTUAL INSURANCE COMPANY a/s/o LAKERIDGE VILLAS HOMEOWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>TYANNE ELLIS-GUN,<br><br>Defendant. | Case No. 3:19-cv-00463-LRH-WGC<br><br>ORDER |

Defendant Tyanne Ellis-Gunn ("defendant") has filed a motion to dismiss the amended complaint of plaintiff Country Mutual Insurance Company ("Country Mutual") as successor to Holyoke Mutual Insurance Company as subrogee of Lakeridge Villas Homeowners Association ("Lakeridge") (ECF No. 34). Country Mutual responded to defendant's motion to dismiss (ECF No. 35), and defendant subsequently filed a reply (ECF No. 36). For the reasons stated below, the Court will grant defendant's motion to dismiss.

**I.     Factual Background and Procedural History**

For the purposes of defendant's motion to dismiss, the factual allegations within Country Mutual's amended complaint are presumed to be true. Plaintiff originally filed a complaint on August 7, 2019 (ECF No. 1.); however, the amended and operative complaint was filed on July 22, 2020 (ECF No. 33) after the Court discovered a clerical error related to jurisdiction.

The amended complaint alleges that on April 20, 2018, a fire damaged a residential unit at 2104 Chicory Way, Reno, NV (hereinafter the "subject property"). ECF No. 33, at 2. Country Mutual alleges that defendant's negligent use of a candle was the cause of the fire. *Id.* Country Mutual also alleges that the fire caused damage to common areas owned by Lakeridge. *Id.* Due to the fire damage, Country Mutual paid for claims made under an insurance policy with Lakeridge. *Id.* at 3. These payments and subsequent subrogation claim are the basis of the negligence complaint against the defendant. *Id.*

Relevant here, as required by Nevada law, the insurance policy in this case includes a provision that waives Country Mutual's subrogation rights against unit owners or members of his or her household. ECF No. 34, at 7–8; *see also* NRS 116.31133. Notably, the subject property is owned by "The Charles W. Ellis 2016 Revocable Living Trust dated January 6, 2016, and any amendments thereto." (hereinafter "the trust"). ECF No. 34, Exh. 1. The defendant's husband—Charles Ellis—is the trustee of the trust. *Id.* Now, relying on the above waiver, defendant's motion to dismiss Country Mutual's amended complaint is pending before the Court.

## II.     Legal Standard

Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy Federal Rule of Civil Procedure 8(a)(2)'s notice pleading standard. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; a pleading, however, that offers " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 667 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience

2

and common sense, that the defendant is liable for the misconduct alleged. *Id*. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id*.

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Iqbal*, 556 U.S. at 667. Even so, "bare assertions. . .amount[ing] to nothing more than a formulaic recitation of the elements of a. . .claim. . .are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III.  Discussion

Defendant argues that Country Mutual's negligence claim should be dismissed as it "fails to state a claim upon which relief can be granted…because its subrogation claim is precluded by its own insurance policy, written to comply with Nevada law." ECF No. 34, at 7. The Nevada law at issue requires insurance policies to provide that "…the insurer waives its right to subrogation under the policy against any unit's owner or member of his or her household;" NRS 116.31133(b). Seizing on the word "household," Country Mutual argues that a revocable living trust cannot have a "household" under the waiver statute because it is "…a legal entity that is not a living breathing human being…" ECF No. 35, at 3. In other words, according to Country Mutual, the subrogation waiver does not apply to the present case as the subject property is owned by a trust—not an individual.

There appears to be no case law from the Nevada Supreme Court regarding the relationship between trusts and households under NRS 116.31133. When state law is unclear and the highest court of the state has not ruled on the issue, federal courts are tasked with predicting how that court

3

might decide the issue. *Soltani v. Western & Southern Life Ins. Co.*, 258 F.3d 1038, 1045–46 (9th Cir. 2001). Federal courts can look to intermediate appellate court decisions, statutes, and "well-reasoned decisions" from other jurisdictions for guidance. *Takahashi v. Looms Armored Car Service*, 625 F.2d 314, 316 (9th Cir. 1980); *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003).

Here, it is likely that given the opportunity, the Nevada Supreme Court would use tools of statutory interpretation to determine that a trust can have a "household" under NRS 116.31133. Starting with the text, NRS 116.31133 waives all rights to subrogation against a "unit's owner" and "members of his or her household." *See State v. Lucero*, 249 P.3d 1226, 1228 (Nev. 2011) ("The starting point for determining legislative intent is the statute's plain meaning; when a statute is clear on its face, a court can not go beyond the statute in determining legislative intent."). NRS 116 defines a "unit's owner" as "a declarant or other *person* who owns a unit…but does not include a person having an interest in a unit solely as security for an obligation." NRS 116.095 (emphasis added). A "person" under the statute can include "a government and governmental subdivision or agency." NRS 116.073. Quite importantly, "NRS 116.073's definition of 'person' supplements NRS 0.039's general definition of 'person,'…" *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon,* 405 P.3d 641, 651 (Nev. 2017). So, looking to NRS 0.039, the statute defines a person as "a natural person, any form of business or social organization and any other nongovernmental legal entity including, but not limited to, a corporation, partnership, association, *trust* or unincorporated organization." NRS 0.039 (emphasis added). Hence, the statutory scheme clearly envisions a situation whereby a trust—a legal entity—can own a unit and have a "household."

Still, citing multiple dictionary definitions, Country Mutual argues that the classic understanding of "household" does not involve legal entities, and "to include a Revocable Living Trust would be a rank absurdity, contrary to the well-understood meaning of the term." ECF No. 35, at 3. Aside from ignoring the statutory understanding of "person", this argument misses the larger purpose of the statute. *See Lucero*, 249 P.3d 1226, 1228 (Nev. 2011) ("To interpret an ambiguous statute, we look to the legislative history and construe the statute in a manner that is

4

consistent with reason and public policy.") (citations omitted). Specifically, NRS 116.31133 is a codified version of the Uniform Common-Interest Ownership Act. *See Artemis Exploration Company v. Ruby Lake Estates Homeowner's Association*, 449 P.3d 1256, 1257 (Nev. 2019) ("In 1991, the Nevada Legislature adopted the Uniform Common-Interest Ownership Act, as codified in NRS Chapter 116."). The editors' to the Uniform Common-Interest Ownership Act ("UCIOA") note that:

> One of the fundamental provisions of the Act from its inception was the concept…that property and commercial general liability insurance policies must waive the carriers' right of subrogation against any unit owner or member of the owner's household. Thus, to the extent the association files a claim under its policy, the individual unit owner would not be responsible to repay the insurance company.

2008 UCIOA § 3-113 cmt 2.

As such, the UCIOA makes clear that one of the purposes of the act is to avoid extending liability to individual unit owners within a common-interest ownership community—regardless of who or what the "individual" is. Thus, because the trust at issue here is an individual unit owner, it would cut against the purpose of the UCIOA and NRS 116.31133 to ignore the subrogation waiver and extend liability to the defendant. The Court accordingly grants defendant's motion to dismiss.

### IV.   Conclusion

IT IS THEREFORE ORDERED that defendant's motion to dismiss (ECF No. 34) is **GRANTED.**


IT IS SO ORDERED.

DATED this 17th day of September, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5